TASHIMA, Circuit Judge,
dissenting:
I respectfully dissent.
In my view, the plain language of the insurance policy excludes from coverage any claim for false imprisonment when that claim arises out of employment-related acts. Because the confrontation underlying McQuown’s lawsuit was clearly employment related, any potential claim for false imprisonment was therefore unambiguously excluded from coverage.
The fundamental flaw in the majority’s reasoning is its conflation of the offenses that broadly define the policy’s coverages and exclusions with the acts that give rise to those offenses. The policy treats the two in a fundamentally different manner. Its inclusionary and exclusionary provisions speak in terms of offenses. In contrast, it uses the acts that give rise to those offenses as the means of qualifying the precise circumstances under which coverage does or does not exist.
This structure is apparent from the policy’s use of the phrase “personal and advertising injury” to define its coverage. The policy defines this phrase in terms of offenses: “ ‘Personal and advertising injury’ means injury ... arising out of one or more of the following offenses.... ” Importantly, all of the enumerated offenses are actionable torts; they include false arrest, malicious prosecution, wrongful eviction, slander and libel, and copyright infringement.
Outside of this definition, references in the policy to “personal and advertising injury” speak in terms of the acts that give rise to the enumerated offenses. This is true for the policy’s primary coverage provision: “This insurance contract applies to ‘personal and advertising injury’ caused by an offense arising out of your business. ...” The policy’s general exclusionary provision uses similar language; it excludes, for example, injuries “[cjaused by or at the direction of the insured with the knowledge that the act would violate the rights of another,” as well as injuries “[ajrising out or oral or written publication *644 of material, if done by or at the direction of the insured with knowledge of its falsity.” The specific exclusion at issue in this case is no different. It provides that coverage does not apply to “personal and advertising injury ... arising out of any ... [ejmployment-related practices, policies, acts or omissions.... ”
Thus, the correct question before us is not, as the majority frames it, “whether false imprisonment in the present context is similar enough to the listed examples [of employment-related acts] for the exclusion to apply.” Maj. dispo. at 643. False imprisonment is an offense, not an act; comparing it to the examples of employment-related acts is comparing apples to oranges. The correct question is whether the acts that give rise to McQuown’s false imprisonment claim — Cardoza’s upbraiding of McQuown and momentarily trapping her against the wall — were “employment-related acts” similar to the example of “acts” listed in the policy exclusion.[1] It is difficult to conclude other than that Cardo-za’s acts were similar to the acts listed in the exclusion.
Thus, I conclude that the policy’s language and structure unambiguously excludes McQuown’s potential false imprisonment claim from its coverage as employment related. I would therefore affirm the district court.

. The listed employment-related acts are acts “such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person....”